IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT McCURRY                                                                PLAINTIFF

v.                                      No. 4:13-cv-467-DPM

ALCOHOLIC BEVERAGE
CONTROL DIVISION OF
THE STATE OF ARKANSAS                                                DEFENDANT

ORDER

**1. Background.** McCurry is challenging some Arkansas statutes that are keeping him from getting a permit to sell liquor. The statutes don't allow companies or people to profit from more than one permit. McCurry has a minority interest in a Missouri company, Gild Holdings, that has a franchise agreement with a liquor store in Springdale, Arkansas. Gild Holdings profits from the Springdale store, and passes some of those dollars on to McCurry. So the Alcohol Beverage Control Board denied McCurry's application for a permit. McCurry sues, arguing that the statutes restrict interstate commerce, are vague, and violate his rights to due process and equal protection. The ABC has moved to dismiss. A companion case, № 4:13-cv-333-JMM, is pending.

**2. Jurisdiction.** The ABC questions this Court's jurisdiction. To the extent McCurry is trying to appeal the Board's denial of his permit, № 4 at ¶¶ 27, 38, 44, & 53, there's no subject-matter jurisdiction—McCurry is from Arkansas and only state law is implicated. The Court declines to exercise its pendent jurisdiction over any appeal. 28 U.S.C. § 1367(c); *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006). McCurry says, though, that this is more than an appeal; it's a related attack on the statutes underlying the Board's decision. In any event, McCurry needn't have exhausted all of his state remedies to bring these Constitution-based claims in federal court. *E.g. Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996). Because his complaint raises federal questions, jurisdiction exists. The Court declines the State's suggestion to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). This case doesn't involve any of the "exceptional circumstances" to which *Younger* applies. *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 591, 593-594 (2013).

**3. Statutes.** McCurry challenges parts of two statutes. The first is ARK. CODE ANN. § 3-4-301(a)(8), which would jeopardize the Springdale store's existing permit if the ABC issues the new permit to McCurry:

> (a) Any permit issued pursuant to this act may be revoked for cause and must be revoked for the following causes:
>
> . . .
>
> (8) Subsequent to March 1, 2011, if a retail liquor permitee directly or indirectly remunerates any person, firm, or corporation that has a direct or indirect pecuniary, proprietary, or financial interest in the creation, establishment, operation, or contractual branding of another permitted liquor establishment[.]

The second is ARK. CODE ANN. § 3-4-205(b)(1)(A)&(B), which is the hub of the case:

> (b)(1)(A) No retail liquor permit shall be issued, either as a new permit or as a replacement of an existing permit, to any person, firm, or corporation if the person, firm, or corporation has any interest in another retail liquor permit, regardless of the degree of interest.
>
> (B) A retail liquor permit shall apply only to one (1) location, and a person, firm, or corporation shall not be permitted to receive any direct or indirect financial benefit from the sale of liquor at any location other than the permitted location.

**4. Dormant Commerce Clause.** McCurry doesn't say these statutes discriminate against out-of-staters. Instead, he says they put an unconstitutionally heavy burden on interstate business. № 4 at 5. The two cases the ABC leans on, *Granholm v. Heald*, 544 U.S. 460 (2005), and *Southern Wine & Spirits of America, Inc. v. Division of Alcohol and Tobacco Control*, 731 F.3d 799 (8th Cir. 2013), are different from this one. Those both involved state

laws about liquor importation and distribution that treated in-staters and out-of-staters differently. Here, the statutes are facially neutral and apply to all individual store permits. But those cases reinforce the breadth of Arkansas's power to regulate liquor sales. "[S]tate policies that define the structure of the liquor distribution system while giving equal treatment to in-state and out-of-state liquor products and producers are protected under the Twenty-first Amendment." *Southern Wine*, 731 F.3d at 809. State authority under the Twenty-first Amendment, the *Granholm* and *Southern Wine* Courts confirmed, is hemmed in by the non-discrimination principles of the Commerce Clause. The Arkansas statutes treat everyone the same; any person or company may benefit from only one liquor permit. These laws don't discriminate based on state citizenship, and McCurry doesn't allege otherwise. His Commerce Clause argument therefore fails as a matter of law.

**5. Vagueness.** The statutes are clear about a person in McCurry's situation. He's made creative points about circumstances in which enforcing them could present nice questions — what about the person who owns stock in Wal-Mart and Walgreens, both of which have an Arkansas permit? But the deep question here is whether the statutes were reasonably clear to McCurry,

not the hypothetical investor, given McCurry's close and undisputed interest in another liquor store. *United States v. Lemons*, 697 F.2d 832, 835 (8th Cir. 1983). McCurry has a minority interest in Gild Holdings. That company is the franchisor of a liquor store in Arkansas—Macadoodles in Springdale. That store pays franchise fees and royalties to Gild, who in turn makes an annual distribution to McCurry. № 4-2 at 1-2. These facts are undisputed. No reasonable person in McCurry's position could doubt his or her ineligibility for a permit under current law. There is nothing vague about the statutes' applicability to him.

**6. Due Process and Equal Protection.** McCurry's due process and equal protection arguments fly together. The parties agree that the question on both is whether the statutes rationally relate to a legitimate state interest. *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999); *Honeywell, Inc. v. Minn. Life & Health Ins. Guar. Ass'n.*, 110 F.3d 547, 553 (8th Cir. 1997). Arkansas says the statutes aim "to prevent unfair competition . . . to ensure that those persons receiving retail liquor permits continue to abide by the spirit and intent of the law. . . and . . . to ensure that, through the permitting process, citizens are protected from the illegal sale of alcoholic beverages." ARK. CODE ANN. 3-4-

105 (Emergency Clause). McCurry says those reasons don't hold up because the challenged statutes do nothing to protect the spirit of the law or prevent illegal sales. Perhaps. The State's goal of preventing unfair competition, though, is a legitimate interest.

In essence, the statutes prevent chains of liquor stores. This is apparently a common aspect of many State liquor regimes. *E.g., Wine and Spirits Retailers, Inc. v. State of Rhode Island and Providence Plantations*, 364 F. Supp. 2d 172, 174–75 (D. R. I. 2005). These laws' effect on competition, and ultimately on supply and price, is a matter of reasonable debate. *Wine and Spirits Retailers*, 364 F. Supp. 2d at 181–82. A legislator could conclude that requiring very diffuse ownership of liquor permits promotes healthy competition in that market. This may or may not be correct in fact or wise as a matter of economic policy. But the State's chosen method for preventing unfair competition is not irrational.

* * *

The ABC's motion, № 6, is granted. McCurry's complaint is dismissed with prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*5 March 2014*